Fitzgerald, Trustee, &c., v. Milliken, &c.

---

CASE 11—PETITION EQUITY—MAY 9.

## Fitzgerald, Trustee, &c., v. Milliken, &c.

APPEAL FROM M'CRACKEN COURT OF COMMON PLEAS.

AFTER ONE HAS CEASED TO BE CLERK HE CAN NOT LAWFULLY SIGN HIS NAME OFFICIALLY TO A CERTIFICATE on the deed-book, and, therefore, where a clerk's certificate of acknowledgment to the deed of a

married woman which has already been recorded, is not signed by him until after he has ceased to be clerk, it affords no evidence that the deed has been acknowledged, and does not make the deed effectual.

W. G. BULLITT FOR APPELLANT.

1. Since the adoption of the General Statutes, a married woman can not, by parol proof, contradict the certificate of the county clerk to a deed executed by her, as to the things he is by law required to certify in regard to signing and acknowledging deeds. (General Statutes, chapter 81, section 17; Harpending's Ex'rs v. Wylie, 14 Bush, 380; Pribble v. Hall, 13 Bush, 61.)

2. Clerks may alter records to conform to facts where such alteration does not change the rights of the parties. (1 Bush, 505.)

3. What was done by the ex-clerk in this case was not an alteration of the record, but simply the completion of it.

W. D. GREER FOR APPELLEES.

1. The clerk had no right to sign the certificate on the deed-book after he had gone out of office.

2. His certificate was not good, in any event, because it did not include the deputy's memorandum of acknowledgment. (General Statutes, chapter 24, section 38; 11 Bush, 595; Jefferson County Building and Loan Association v. Heil, &c., 5 Ky. Law Rep., 539; 5 Ky. Law Rep., 850.)

3. A clerk has no right to sign the name of his predecessor to a recorded certificate, where that officer's signature has been omitted, unless the original instrument is still in his office. (General Statutes, chapter 24, section 26.)

4. The clerk's certificate can be attacked for either fraud or mistake. (General Statutes, chapter 81, section 17; 13 Bush, 65.) The proof in this case shows that the deputy taking the acknowledgment was intoxicated, and, therefore, the grantor should be allowed to show that what he certifies is not true.

5. The recording avails nothing if the certificate is defective. (Miller v. Henshaw, 4 Dana, 327; Hughes & Co. v. Coleman, &c., 10 Bush, 248; Ford, &c., v. Teal, 7 Bush, 156; Woodhead v. Foulds, 7 Bush, 222.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

May 5, 1875, appellees, B. H. and Mary B. Milliken, husband and wife, executed a deed for a lot of land owned by her to Harriet L. Milliken, his mother, who, uniting with other parties, mortgaged

it and other lots to appellant, The Mercantile Trust Company, of New York, to secure the payment of $3,000 loaned, a portion of which B. H. Milliken received; and May 29, Harriet L. re-conveyed the lot in question to Mary B. Milliken encumbered with the mortgage mentioned.

The main question presented on this appeal is, whether the lot can be subjected to the payment of any part of the mortgaged debt, and the determination of it depends upon whether the deed of May 5 was effectual to divest Mary B. Milliken of her title thereto.

From an authenticated copy of the record filed in this case, it appears that the deed, together with a certificate by J. Spence, at the time clerk of the county court, showing the acknowledgment before him by the grantors in due form of law, is now of record. But appellee, Mary B. Milliken, in her pleading states that she never acknowledged the deed before any officer authorized by law to take her acknowledgment; that the contents and effect of it were never explained to her separately and apart from her husband; that she did not, before signing, understand the purport of it; and the certificate now appearing to it on the deed-book was made by mistake on the part of the officer.

Although, in the certificate purporting to have been signed by J. Spence in his official capacity, it is stated that the deed was acknowledged before him by B. H. and Mary B. Milliken, the evidence in this case places it beyond question that if acknowledged at all by her, it was done, not before

him, but a deputy clerk. It is also conclusively established that the certificate recorded with the deed was not signed by him, or any one for him, while he held the office; but after his term expired he subscribed his name as clerk to it on the deed-book.

· Whether the certificate, as it now appears on record, or even a memorandum showing acknowledgment by the grantors, was ever indorsed on the original deed does not appear, for it is not filed in the case, nor is there any evidence on the subject.

The deed of a married woman, to be effectual, must be acknowledged before some authorized officer, and lodged for record. And when recorded, it must appear from the certificate of the clerk recorded with it that it has been acknowledged as required by law before him, or some other officer. But if the official signature of Spence was not, while he was clerk, subscribed to the certificate of acknowledgment by himself or deputy, there was, when he went out of office, no evidence of record of such acknowledgment; for in legal contemplation there was no certificate, by which alone the fact can be shown, recorded with the deed.

Is, then, the certificate, signed after he ceased to be clerk, such as to make the deed effectual?

This inquiry is not precluded by section 17, chapter 81, General Statutes, for it applies to facts officially stated by an officer in respect of a matter about which he is required by law to make a statement in writing in the form of a certificate; and, manifestly, it was not intended by the section to

give unquestioned verity to the act of an ex-clerk, involving an alteration of, or addition to, public records affecting titles to real estate.

The successor of Spence might have been authorized to record the original deed, if it had appeared to him from an official indorsement thereon to have been duly acknowledged and lodged for record, at the same time making his certificate conform to the facts and recording it. But not even he had authority to subscribe his name officially to what purported to be a certificate of his predecessor, already recorded, but not signed. Nor would he have had authority to make and record his own certificate without the original deed before him.

After Spence ceased to be clerk he could not lawfully or truthfully sign his name officially to the certificate on the deed-book; and it being clearly shown by the evidence, as we think may be done, that the certificate was not officially signed by a person authorized or required by law to do so, it affords no evidence of the essential fact that the deed was acknowledged by Mary B. Milliken, and, consequently, her title did not pass thereby to Harriet L. Milliken, and the lot is not subject to the mortgage debt.

The judgment is affirmed.